UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANTZ STERLIN,                    )
    Plaintiff,                 )
                               )    CIVIL ACTION NO.
       v.                     )    04-11692-NG
                               )
MASSACHUSETTS DEPARTMENT OF )
CORRECTIONS, ET AL,                )
    Defendants.                )

**<u>ORDER VACATING ORDER OF DISMISSAL
AND FURTHER ORDER ON MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS</u>**

GERTNER, District Judge

    On November 3, 2004 this Court entered an Order of Dismissal
for failure to comply with the prior Order dated September 9, 2004
(#7) denying the Plaintiff's Application to Proceed Without
Prepayment of Fees and directing the Plaintiff to submit a certified
copy of his prison account for the last six months preceding the
filing of the complaint.

    On October 25, 2004 the Plaintiff filed a Prisoner Statement of
Account with respect to his Motion for Leave to Proceed *in forma
pauperis*.  However, those filings were not docketed by this Court
until November 8, 2004.  In view of the Plaintiff's submissions, it
is ORDERED that the November 3, 2004 Order of Dismissal is hereby
VACATED, and that the above captioned matter be RE-OPENED on the
docket as a pending case.

    However, the Plaintiff's submissions are insufficient for this

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANTZ STERLIN,                  )
    Plaintiff,               )
                          )          CIVIL ACTION NO.
      v.                       )          04-11692-NG
                           )
MASSACHUSETTS DEPARTMENT OF )
CORRECTIONS, ET AL,              )
    Defendants.              )

**ORDER VACATING ORDER OF DISMISSAL
AND FURTHER ORDER ON MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS**

GERTNER, District Judge

On November 3, 2004 this Court entered an Order of Dismissal
for failure to comply with the prior Order dated September 9, 2004
(#7) denying the Plaintiff's Application to Proceed Without
Prepayment of Fees and directing the Plaintiff to submit a certified
copy of his prison account for the last six months preceding the
filing of the complaint.

On October 25, 2004 the Plaintiff filed a Prisoner Statement of
Account with respect to his Motion for Leave to Proceed *in forma
pauperis*.  However, those filings were not docketed by this Court
until November 8, 2004.  In view of the Plaintiff's submissions, it
is ORDERED that the November 3, 2004 Order of Dismissal is hereby
VACATED, and that the above captioned matter be RE-OPENED on the
docket as a pending case.

However, the Plaintiff's submissions are insufficient for this

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FRANTZ STERLIN,                    )
        Plaintiff,                 )
                                   )         CIVIL ACTION NO.
        v.                         )         04-11692-NG
                                   )
MASSACHUSETTS DEPARTMENT OF        )
CORRECTIONS, ET AL,                )
        Defendants.                )
```

### ORDER VACATING ORDER OF DISMISSAL
### AND FURTHER ORDER ON MOTION FOR LEAVE
### TO PROCEED IN FORMA PAUPERIS

GERTNER, District Judge

On November 3, 2004 this Court entered an Order of Dismissal
for failure to comply with the prior Order dated September 9, 2004
(#7) denying the Plaintiff's Application to Proceed Without
Prepayment of Fees and directing the Plaintiff to submit a certified
copy of his prison account for the last six months preceding the
filing of the complaint.

On October 25, 2004 the Plaintiff filed a Prisoner Statement of
Account with respect to his Motion for Leave to Proceed *in forma*
*pauperis*.  However, those filings were not docketed by this Court
until November 8, 2004.  In view of the Plaintiff's submissions, it
is ORDERED that the November 3, 2004 Order of Dismissal is hereby
VACATED, and that the above captioned matter be RE-OPENED on the
docket as a pending case.

However, the Plaintiff's submissions are insufficient for this

1

Court to assess the initial filing fee which the Plaintiff prisoner must pay pursuant to 28 U.S.C. §1915(b)(1). The prison account statement is not certified, and does not cover the time period required by §1915(a)(2)(i.e., the six month period immediately preceding the filing of the complaint). The statement reflects the Plaintiff's account history going back to 2001, however, it ends with June 1, 2004. Since the Plaintiff filed his complaint on July 23, 2004, he must submit a prison account statement from the time period from January 23, 2004 through July 23, 2004. The prison statement must be certified, and should contain sufficient information for this Court to assess the "average monthly deposits to the prisoner's account" pursuant to §1915(b)(1)(A), <u>and</u> "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint..." §1915(b)(1)(B).

The Plaintiff is ORDERED to file his certified prison account statement in compliance with this Order within forty-two (42) days, or this action will be dismissed.

It is FURTHER ORDERED that the November 3, 2004 Order directing that summonses previously issued by the clerk on September 10, 2004 are WITHDRAWN, and the United States Marshal shall not serve process on any of the defendants unless otherwise ordered by the Court, remains in effect, pending the Plaintiff's compliance with this Order.

2

Court to assess the initial filing fee which the Plaintiff prisoner must pay pursuant to 28 U.S.C. §1915(b)(1).  The prison account statement is not certified, and does not cover the time period required by §1915(a)(2)(i.e., the six month period immediately preceding the filing of the complaint). The statement reflects the Plaintiff's account history going back to 2001, however, it ends with June 1, 2004.  Since the Plaintiff filed his complaint on July 23, 2004, he must submit a prison account statement from the time period from January 23, 2004 through July 23, 2004.  The prison statement must be certified, and should contain sufficient information for this Court to assess the "average monthly deposits to the prisoner's account" pursuant to §1915(b)(1)(A), and "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint..." §1915(b)(1)(B).

The Plaintiff is ORDERED to file his certified prison account statement in compliance with this Order within forty-two (42) days, or this action will be dismissed.

It is FURTHER ORDERED that the November 3, 2004 Order directing that summonses previously issued by the clerk on September 10, 2004 are WITHDRAWN, and the United States Marshal shall not serve process on any of the defendants unless otherwise ordered by the Court, remains in effect, pending the Plaintiff's compliance with this Order.

2

Court to assess the initial filing fee which the Plaintiff prisoner must pay pursuant to 28 U.S.C. §1915(b)(1).  The prison account statement is not certified, and does not cover the time period required by §1915(a)(2)(i.e., the six month period immediately preceding the filing of the complaint). The statement reflects the Plaintiff's account history going back to 2001, however, it ends with June 1, 2004.  Since the Plaintiff filed his complaint on July 23, 2004, he must submit a prison account statement from the time period from January 23, 2004 through July 23, 2004.  The prison statement must be certified, and should contain sufficient information for this Court to assess the "average monthly deposits to the prisoner's account" pursuant to §1915(b)(1)(A), and "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint..." §1915(b)(1)(B).

The Plaintiff is ORDERED to file his certified prison account statement in compliance with this Order within forty-two (42) days, or this action will be dismissed.

It is FURTHER ORDERED that the November 3, 2004 Order directing that summonses previously issued by the clerk on September 10, 2004 are WITHDRAWN, and the United States Marshal shall not serve process on any of the defendants unless otherwise ordered by the Court, remains in effect, pending the Plaintiff's compliance with this Order.

2

BY THE COURT,

/s/ Maryellen Molloy
Deputy Clerk

Dated: November 16, 2004

BY THE COURT,

/s/ Maryellen Molloy
Deputy Clerk

Dated: November 16, 2004

3

                                        BY THE COURT,

                                        /s/ Maryellen Molloy
                                        Deputy Clerk
Dated: November 16, 2004

3