```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

FRANTZ STERLIN,                )
    Plaintiff,                 )
                               )       CIVIL ACTION NO.
    v.                         )       04-11692-NG
                               )
MASSACHUSETTS DEPARTMENT OF    )
CORRECTIONS, ET AL,            )
    Defendants.                )
```

**ORDER OF DISMISSAL**

GERTNER, District Judge

On November 3, 2004 this Court entered an Order of Dismissal for failure to comply with the prior Order dated September 9, 2004 (#7) denying the Plaintiff's Application to Proceed Without Prepayment of Fees and directing the Plaintiff to submit a certified copy of his prison account for the last six months preceding the filing of the complaint.

On October 25, 2004 the Plaintiff filed a Prisoner Statement of Account with respect to his Motion for Leave to Proceed *in forma pauperis*. However, those filings were not docketed by this Court until November 8, 2004. In view of the Plaintiff's timely submissions, the order of dismissal was vacated and the case was re-opened on the docket on November 16, 2004. Sterlin's submissions, however, remained insufficient for the Court to assess the initial filing fee which the Plaintiff must pay pursuant to 28 U.S.C.

§1915(b)(1). The prison account statement was not certified, and did not cover the time period required by §1915(a)(2)(i.e., the six month period immediately preceding the filing of the complaint). Sterlin was given additional time to file his certified prison account statement, failing which, the action was subject to dismissal.

It now appears that Sterlin was removed to Haiti several weeks ago. Mail sent to him has been returned to the Court as undeliverable. As of this date, and it is unclear whether Sterlin will wish to, or be able to, continue to prosecute this civil action from Haiti. Moreover, the removal clearly presents difficulties with respect to assessment of a filing fee.

Notwithstanding the problems associated with his Application to proceed *in forma pauperis*, the Plaintiff has failed to comply with this Court's November 16, 2004 Order and has failed keep this Court apprized of his current address, in accordance with the requirements of Local Rule 83.5.2 (e)[1].

Accordingly, for failure of Plaintiff to comply with the

---

[1]Local Rule 83.5.2(e) provides:

Each attorney appearing and <u>each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number</u>. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery. (emphasis added)

November 16, 2004 Order with respect to the filing fee, and for failure to keep this Court apprized of his current whereabouts pursuant to Local Rule 83.5.2(e), this action shall be DISMISSED without prejudice.

                                        BY THE COURT,

                                        /s/ Maryellen Molloy
                                        Deputy Clerk
Dated: January 6, 2005